# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

BOARD OF EDUCATION OF THE )
SMYRNA SCHOOL DISTRICT, )
           )
    Appellant, )
           )
    v. )    C.A. No. N18A-03-001 ALR
           )
E.D. and DELAWARE )
STATE BOARD OF EDUCATION, )
           )
    Appellee. )

Submitted: September 14, 2018
Decided: December 11, 2018

## MEMORANDUM OPINION

*On Appeal from the Decision of the Delaware State Board of Education*
**AFFIRMED**

David H. Williams, Esq., James H. McMackin, III, Esq., and Allyson Britton DiRocco, Esq., Morris James LLP, Wilmington, Delaware, Attorneys for Appellant.

Valerie A. Dunkle, Esq., Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for Appellee.

**ROCANELLI, J.**

This is an appeal from the decision of the Delaware State Board of Education ("DE Board of Ed") reversing the expulsion of E.D., a sophomore special education student at Smyrna High School ("Smyrna High"), which is part of the Smyrna School District ("School District"). The Board of Education of the Smyrna School District ("Smyrna School Board") sought to expel E.D. for an entire academic year (180 days). The DE Board of Ed correctly concluded that the expulsion decision of the Smyrna School Board was made in an arbitrary and capricious manner, lacked substantial evidence to support the discipline imposed, and violated E.D.'s fundamental due process rights. For the reasons set forth below, the DE Board of Ed's decision is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

E.D. was 16 years old and received special education services. On September 19, 2017, E.D. was involved in a physical altercation with another student in a classroom at Smyrna High. School personnel attempted to intervene and separate the fighting students. When those efforts failed, the School Resource Officer ("SRO") pulled out his taser and pointed it at E.D. who was then handcuffed and placed under arrest.[1] Smyrna High was put on lockdown until additional law

---

[1] According to the SRO, he deployed his taser to give E.D. "one final chance to comply with his directives." While there is a reference in the record to a verbal threat by E.D. towards the SRO, but there is no record evidence to support a finding of any threat.

enforcement officers arrived and removed E.D. from the building. E.D. was charged with the misdemeanor offenses of "Resisting Arrest" and "Disorderly Conduct" but those charges were dismissed in Family Court.

A so-called "building discipline conference" was held at Smyrna High on September 22, 2017. This was a 15-minute conference attended by E.D., his guardian who is his foster mother, and a foster care case worker. During this conference, E.D. was notified that he was facing disciplinary action and was told that a hearing would take place.

On the same day as the building discipline conference, a manifestation determination meeting also took place. When a student receiving special education services is facing disciplinary action for alleged misconduct, a manifestation determination meeting is held to review the incident and the identified disability from the student's Individualized Education Program ("IEP"). At the conclusion of this meeting, E.D.'s IEP team determined that E.D.'s conduct was not a manifestation of his disability.

A notice of "Disciplinary Hearing" was then mailed to E.D. who was advised with his foster mother that he had a right to be present at the Disciplinary Hearing and to bring witnesses. E.D. was also advised he had a right to legal counsel.

The Disciplinary Hearing took place on October 12, 2017. The Hearing Officer introduced herself and explained that the burden of proof was by a

2

preponderance of the evidence.[2] E.D was present with his foster mother and foster care case worker. The School District's Assistant Superintendent and Smyrna High's Assistant Principal were present.

Although the hearing was transcribed, the record is confused. Documents were admitted but not clearly identified.[3] Similarly, references are made to individuals without identifying each individual's role.

The School District's Assistant Superintendent and Smyrna High's Assistant Principal presented written reports by reading the reports aloud, including a report from Smyrna High's Principal recommending expulsion. Although the SRO is not identified on the transcript cover sheet as one of the persons present, the SRO was asked if his police report was accurate and he responded "yes, it is." Other than the SRO, the persons whose reports were read into the record were not made available for cross-examination.

E.D.'s foster mother made a presentation in which she explained that the Family Court charges had been dropped. While acknowledging that there should be consequences for her foster son's behavior, she protested expulsion as too harsh. E.D.'s foster mother further stated that E.D. "is a good student and, besides this, he

---

[2] Although the Hearing Officer stated the standard for the burden of proof, the Hearing Officer did not state which party carried that burden.
[3] For example, a "student information packet" is referenced, but the record does not reflect what documents were included or whether the packet was given to E.D. and his foster mother in advance of the hearing.

3

has had no other issues with the school." E.D.'s foster mother asked that E.D.'s relative youth and brain development be taken into account. She pleaded that E.D. be given a second chance. E.D. apologized.

The Hearing Officer issued a report ("Report") dated October 13, 2017 recommending the expulsion of E.D. for violations of the Smyrna High School Student Code of Conduct ("Code of Conduct") "by fighting, behaving in a disorderly manner, and resisting arrest." E.D.'s foster mother was advised by letter dated October 13, 2017 that the Smyrna School Board "will sit in session on Wednesday, October 18, 2017 at approximately 7:45 p.m. in the Smyrna School District (John Basset Moore Intermediate School) to hear the results of the Hearing Officer for [E.D.] and to inform you of your child's status in the Smyrna School District." E.D. and his foster mother were "invited to attend" but not required to attend.

Based on the record presented to this Court, it seems that the hearing before the Smyrna School Board was merely a review of the proceedings before the Hearing Officer. The record does not include any explanation of the standard of review, only that the Smyrna School Board "heard the results of the student hearing." Smyrna School Board issued a letter dated October 23, 2017 informing E.D.'s foster mother that E.D. was expelled "for 180 days with educational services to be determined by the IEP team." E.D.'s foster mother was not advised how to arrange for alternate education for E.D. and E.D.'s foster mother was further informed that "[i]n

4

Delaware, no expelled student is permitted to enroll in another public or charter school for the duration of the expulsion period."

E.D.'s foster mother filed an appeal with the DE Board of Ed. After a review of the entire record, the DE Board of Ed voted to reverse the expulsion, finding the decision of the Smyrna School Board was arbitrary and capricious, not supported by substantial evidence, and in violation of the Department of Education due process requirements.[4] The Smyrna School Board now appeals the DE Board of Ed's decision to reverse E.D.'s expulsion.

## STANDARD OF REVIEW

Appeals from a Board of Education decision may be made to the Superior Court, pursuant to Superior Court Rule 72(a).[5] This Court's appellate review is limited to correcting errors of law and determining whether the decision is supported by substantial evidence.[6] Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7]

---

[4] These requirements were directed by statute and set out by administrative regulation. 14 *Del. C.* § 122(b)(26); 14 Del. Admin. C. §616.

[5] Super. Ct. Civ. R. 72(a) ("This Rule shall apply to appeals to the Superior Court from all commissions, boards, hearing officers under the Personnel Rules for Non-Judicial Employees, or courts from which an appeal may at any time lie to the Superior Court to be tried or heard on the record made below.").

[6] 29 *Del. C.* § 10142(d).

[7] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

Here, the Court is reviewing the decision of the DE Board of Ed to reverse the decision of Smyrna School Board. Delaware law provides that the DE Board of Ed "shall overturn the decision of a local board only if it finds …. that the local board's decision was contrary to a specific state or federal law or regulation, was not supported by substantial evidence, or was arbitrary or capricious."[8] The Delaware courts have interpreted the statute as requiring that the DE Board of Ed uphold a decision by a local board imposing punishment of a student unless "such punishment is so disproportionate to the offense in light of all the circumstances as to be shocking to one's sense of fairness."[9] Decisional law has emphasized that the Superior Court "cannot substitute its judgment for the judgment of the school authorities."[10] Accordingly, if substantial evidence exists to support the DE Board of Ed's findings, and the Board has not committed any error of law, the decision must be affirmed.[11]

**ANALYSIS**

*I. The Decision of the Smyrna School Board Violated Due Process*

As established by the Supreme Court of the United States in *Goss v. Lopez*, a student's entitlement to a public education is a property interest "which may not be

---

[8] 14 *Del. C.* § 1058.
[9] *Jordan v. Smyrna Sch. Dist. Bd. of Educ.*, 2006 WL 1149149, at *1 (Super. Ct. Feb. 15, 2006) (quoting *Warmouth v. Delaware State Bd. of Exam'rs in Optometry*, 514 A.2d 1119, 1123 (Del. Super. 1985) *aff'd*, 511 A.2d 1 (Del. 1986).).
[10] *Bd. of Educ. Laurel Special Sch. Dist. v. Shockley*, 155 A.2d 323, 327 (Del. 1959).
[11] *Jordan*, 2006 WL 1149149, at *1; *Brumbley v. Bd. of Educ. of Polytech Sch. Dist.*, 1998 WL 283378, at *1 (Del. Super. Feb. 18, 1998).

taken away for misconduct without adherence to the minimum procedures required by [the Due Process Clause]."[12] "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time in a meaningful manner.'"[13] Delaware has enacted procedures to ensure that public school districts do not interfere with a student's right to an education without due process.[14]

Relevant to this appeal, the Department of Education affords certain procedural safeguards for students at expulsion hearings, such as the right "[t]o cross-examine witnesses."[15] The purpose of procedural safeguards "is to avoid unfair or mistaken exclusion from the educational process, with all of its unfortunate consequences."[16] The Court has recognized that there is a great risk of erroneous deprivation of a student's interest in a public education when the student is not given an opportunity to fully develop his or her case through cross-examination of witnesses.[17]

It is clear from the record before this Court that the Smyrna School Board failed to provide for meaningful cross-examination at the Disciplinary Hearing. The

---

[12] *Goss v. Lopez*, 419 U.S. 565, 574 (1975).
[13] *Mathews v. Eldridge*, 424 U.S. 319, 333 (citing *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).
[14] 14 *Del. C.* § 122(b)(26); 14 Del. Admin. C. §616.
[15] 14 Del. Admin. C. §616.10.3.11.2.
[16] *Goss*, 419 U.S. at 579.
[17] *Bd. of Educ. of New Castle Cty. Vocational Tech. Sch. Dist. v. Clark*, 1988 WL 47096, at *2 (Del. Super. May 3, 1988).

Principal's recommendation, the police report, and two witness statements were included in the record upon which the Smyrna School Board based its decision, yet the Principal and two other witnesses did not testify and were not available to be cross-examined.[18] The DE Board of Ed noted that not one witness to the fight between E.D. and the other student was present at the Disciplinary Hearing.

It was fundamentally unfair and a violation of due process for the Hearing Officer to consider statements of three witnesses without providing the student an opportunity for cross-examination. The DE Board of Ed correctly concluded that cross-examination was necessary for the minimum due process required in expulsion hearings and the Court must not set the correct decision of the DE Board of Ed aside.[19]

## II. The Decision of the Smyrna School Board was Arbitrary and Capricious

The scope of judicial inquiry encompasses the adequacy of both the evidence considered by the decision-making agency as well as the adequacy of the process by which the relevant evidence and facts were obtained.[20] Although judicial review of

---

[18] As noted previously, the SRO was present at the Hearing when his police report was read into the record. E.D.'s foster mother was asked if she had any questions for the SRO.

[19] *See Clark*, 1988 WL 47096, at *2 (Where serious questions of witness credibility arose, the Court did not interfere with the DE Board of Ed's conclusion that the student's right to have cross-examination at an expulsion hearing was necessary to satisfy due process standards).

[20] *Harmony Constr., Inc., v. State Dep'. of Transp.*, 668 A.2d 746, 750 (Del. Ch. 1995).

administrative decisions is traditionally deferential, "[i]mplicit in the deferential 'arbitrary and capricious' standard of review is the premise that the agency has employed a decision-making process rationally designed to uncover and address the available facts and evidence that bear materially upon the issue being decided."[21]

> Arbitrary and capricious is usually ascribed to action which is unreasonable or irrational, or to that which is unconsidered or which is willful and not the result of a winnowing or sifting process. It means action taken without consideration of and in disregard of the facts and circumstances of the case.[22]

The DE Board of Ed appropriately found that Smyrna School Board's decision to expel E.D. for an entire academic year is not warranted under Smyrna High's own disciplinary policies as set out in the Code of Conduct. E.D. had no prior incidents involving fighting, and as the DE Board of Ed pointed out, a first-time fight is not an expellable offense.[23] Additionally, the single Code of Conduct violation cited by the Smyrna School Board in support of the expulsion decision is applicable only to out-of-school criminal conduct.[24] As the incident occurred entirely within Smyrna High, the DE Board of Ed found that the decision to expel E.D. on this ground was not supported by the evidence presented at the Disciplinary Hearing. Moreover, based on the record presented to the DE Board of Ed, the

---

[21] *Id.* at 751.
[22] *Willdel Realty, Inc., v. New Castle Cty.*, 270 A.2d 174, 178 (Del. Ch. 1970).
[23] Smyrna High School Student Code of Conduct, School Year 2017/2018 at 12.
[24] *Id.* at 10.

9

punishment of expulsion for an entire school year proposed for E.D. is "so disproportionate to the offense in light of all the circumstances as to be shocking to one's sense of fairness."[25]

Thus, a review of the record reveals a failure on the part of the Smyrna School Board to employ a rational decision-making process that considers all of the available facts and circumstances of the case and to ascribe a proportionate and fair punishment for E.D.'s actions. Therefore, the DE Board of Ed correctly determined that the decision of the Smyrna School Board to expel E.D. for a full academic year was unnecessarily harsh, contrary to the School District's own policies and, therefore, arbitrary and capricious.

## CONCLUSION

The Court has examined the record and has determined that the DE Board of Ed correctly found that substantial evidence did not exist to support the Smyrna School Board's decision to expel E.D. for an entire academic year. Moreover, the DE Board of Ed was correct that the Smyrna School Board acted in an arbitrary and capricious manner and failed to comply with the due process requirements set forth by federal and state law.

---

[25] *Jordan*, 2006 WL 1149149, at *1 (quoting *Warmouth*, 514 A.2d at 1123).

10

The Delaware State Board of Education decision to reverse the expulsion of E.D. must be and hereby is AFFIRMED.

IT IS SO ORDERED.

*Andrea L. Rocanelli*
The Honorable Andrea L. Rocanelli